Exhibit 1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GREENVILLE | IN THE COURT OF COMMON PLEAS<br>FOR THE 13TH JUDICIAL CIRCUIT |
| ALENE PAGAN & CARLE BOLNER, | Case No.:   2025CP2307875 |
| Plaintiff(s), | |
| v. | COMPLAINT FOR BREACH OF<br>CONTRACT, BAD FAITH, STATUTORY<br>ATTORNEYS' FEE |
| NATIONWIDE GENERAL INSURANCE<br>COMPANY, | (Jury Trial Demanded) |
| Defendant. | |

ELECTRONICALLY FILED - 2025 Dec 02 9:21 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2307875

Plaintiff(s), ALENE PAGAN & CARLE BOLNER, sues Defendant, NATIONWIDE GENERAL INSURANCE COMPANY (the "Insurance Company"), and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, ALENE PAGAN & CARLE BOLNER, is a citizen and resident of GREENVILLE County, South Carolina.

2. At all relevant times, Plaintiff(s) were the owners of the property located at 2501 E North St, Greenville, SC 29615. Plaintiff(s) resided and continues to reside in GREENVILLE, South Carolina.

3. The Insurance Company is a corporation licensed to do business in South Carolina and, at all material times hereto, has been conducting business in GREENVILLE County, South Carolina.

4. Venue is proper in GREENVILLE County, South Carolina because the contract, which forms the subject matter of this lawsuit, was executed in GREENVILLE County, South Carolina.

5. At all material times, Plaintiff(s) entered into an insurance contract with the Insurance Company bearing policy number 61 39 HR 004332 (the "Policy"), which provided property

ELECTRONICALLY FILED - 2025 Dec 02 9:21 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2307875

insurance for Plaintiff(s)' property located at 2501 E North St, Greenville, SC 29615 (the "Property").

6. The Policy provided insurance coverage for the Property at all relevant times.

7. On or around September 24, 2024, the Property suffered substantial damage as a result of Hail.

8. The Policy provided coverage for all of the losses, damages, and expenses that Plaintiff(s) suffered and incurred.

9. In accordance with the terms and conditions of the Policy, Plaintiff(s) properly and timely notified the Insurance Company of their claim.

10. The Insurance Company acknowledged Plaintiff(s)' claim and assigned claim number 587442GQ (the "Claim").

11. Thereafter, the Insurance Company improperly denied and/or underpaid Plaintiff(s)' Claim.

12. To date, the Insurance Company has failed and continues to refuse to adequately compensate Plaintiff(s) for the damage to the Property.

13. Plaintiff(s) has complied with all terms and conditions of the Policy, and all conditions precedent to the bringing of this action have been performed, waived, or excused.

14. Plaintiff(s) hired undersigned counsel for representation in this action and is obligated to pay attorneys a reasonable fee for their services.

15. Pursuant to S.C. Code Ann. § 38-59-40, Plaintiff(s) is entitled to recover the legal fees incurred in bringing this action. Defendant owes a duty, as an insurer, to Plaintiff(s) to pay their attorneys' fees for the prosecution of the case against the Defendant when refusing to pay Plaintiff(s)'s demand 90 days after it is submitted, and the refusal is without reasonable cause or

in bad faith. A ninety (90) day demand letter pursuant to Pursuant to S.C. Code § 38-59-40(1) was previously provided to Defendant.

### FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

16. Plaintiff(s) reincorporates paragraph 1 through 15 as if fully set forth herein.

17. It is undisputed that Plaintiff(s) and the Insurance Company entered into a written contract, the Policy, wherein Plaintiff(s) agreed to pay a premium and the Insurance Company agreed to insure Plaintiff(s)' Property.

18. The Insurance Company has wrongfully denied the covered loss in its entirety and/or willfully refused to pay the full extent of the costs of repairs for the Claim, which are covered under the Policy. As a result, the Insurance Company has materially breached the Policy.

19. The Insurance Company's duty to provide coverage for the Claim is a condition precedent for Plaintiff(s) to receive the insurance benefits to which they are entitled under the terms of the Policy.

20. As of the date of the filing of this lawsuit, the Insurance Company has failed to (i) pay the real cost of repairs; and/or (ii) acknowledge or deny the cost of repairs as estimated; and/or (iii) make any payment of insurance proceeds to Plaintiff(s) for the cost of repairs as estimated. As a result of the foregoing, the Insurance Company has materially breached the Policy.

21. As a direct and proximate result of the Insurance Company's breach of the Policy, Plaintiff(s) has suffered and continues to suffer damages, exclusive of costs and attorneys' fees, within the jurisdictional limits of this Court.

### FOR A SECOND CAUSE OF ACTION
(Bad Faith Refusal to Pay Insurance Claim)

22. Plaintiff(s) reincorporates paragraph 1 through 21 as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Dec 02 9:21 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2307875

23. Defendants owed Plaintiff(s) a duty to treat Plaintiff(s) fairly, reasonably and in good faith in connection with the handling and adjustment of Plaintiff(s)' claim, doing nothing to wrongfully impair Plaintiff(s)' right and ability to receive all of the benefits provided under the Policy in a timely fashion.

24. That Defendant, through its agents, servants and/or employees, knowing that Plaintiff(s)' claim is wholly valid and should be paid, has wrongfully and in breach of the implied covenant of good faith and fair dealing, withheld and denied the benefits due to Plaintiff(s). In denying their claim for benefits, Defendant has acted wrongfully, unreasonably and in bad faith in the following respects, among others:

    a. by failing and refusing to complete the adjustment of his claim;
    b. by failing and refusing to acknowledge with reasonable promptness communication with respect to Plaintiff(s) claim arising under the policy;
    c. by failing and refusing to make an adequate investigation of Plaintiff(s)' claims before withholding benefits due Plaintiff(s) under the policy;
    d. by failing and refusing to provide plaintiff with any reasonable or justifiable basis for denying portions of Plaintiff(s)' claim;
    e. by acting in a manner to protect Defendant's financial interest at the expense of Plaintiff(s)' rights.
    f. by failing to attempt in good faith to effect a prompt, fair and equitable settlement of Plaintiff(s) claims despite the fact that liability is incontestable and the amounts of Plaintiff(s)' losses clearly exceed the amount paid by Defendant under the Policy;
    g. by refusing, neglecting and failing to promptly pay or adjust Plaintiff(s)' claim under the Policy, thus requiring plaintiff to retain counsel to assist Plaintiff(s) in recovering the amounts reasonably due and payable to it under the Policy;
    h. by rejecting Plaintiff(s)' proofs of loss for pre-textual reasons to avoid their obligations to treat plaintiff fairly and equitably;
    i. by engaging in various other practices which resulted in an unreasonable delay in paying and adjusting Plaintiff(s)' claim, all of which constitutes an unreasonable failure to pay or settle in full plaintiff's claim under the Policy; and,
    j. by failing to adopt and implement reasonable standards for the investigation, adjustment and settlement of claims, or in failing to follow standards for the investigation, adjustment and settlement of claims established.

25. Despite repeated demands, Defendant has unreasonably and in bad faith refused to pay Plaintiff(s) the benefits due it under the contract of insurance.

ELECTRONICALLY FILED - 2025 Dec 02 9:21 AM - GREENVILLE - COMMON PLEAS - CASE#2025CP2307875

26. That, as a direct and proximate result of Defendant's conduct, the Plaintiff(s) have sustained substantial compensable losses including, but not limited to, withheld benefits, certain consequential damages, attorney fees and costs.

**WHEREFORE**, the Plaintiff(s) prays for judgment against the Defendant for an amount to be ascertained by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, together with pre-judgment and post-judgment interest, and for such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff(s) demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

**The Property People FL, P.A.**
*Attorneys for Plaintiff(s)*
80 SW 8th Street, Suite 2590
Miami, FL 33130
Telephone: 844.776.7364
E-Service:
Service@PropertyPeopleLaw.com
By: /s/ Brian M. Neary
Brian Neary, Esq.
SC Bar No.104573
Email: Brian@PropertyPeopleLaw.com

November 24, 2025